# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARIA GONZALEZ and<br>MILAGROS ALONZO,<br>      Plaintiffs,<br><br>   v.<br><br>JOSEPH RODGERS, JFL LEASING, INC.,<br>and J.F. LOMA, INC.,<br>      Defendants. | CAUSE NO.: 2:09-CV-225-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Bar Expert Witness Testimony and Other Relief [DE 29], filed by Defendants Joseph Rodgers, JFL Leasing, Inc., and J.F. Lomma, Inc. on August 25, 2011. Plaintiffs filed a response on September 9, 2011. Defendants filed a reply on September 15, 2011.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. Case History

Plaintiffs Maria Gonzalez and Milagros Alonzo filed their Complaint in this case on July 31, 2009, and filed an Amended Complaint on August 12, 2009. Plaintiffs allege that they were injured when Defendants' vehicle came into contact with Plaintiffs' vehicle on the Indiana Toll Road.

On October 8, 2009, the Court held a Rule 16(b) scheduling conference and set the discovery deadline for December 17, 2010, Plaintiffs' deadline to disclose expert reports for August 20, 2010, and Defendants' expert report deadline for November 1, 2010.

On June 23, 2010, the Court granted counsel for Plaintiffs' motion to withdraw his appearance and stayed all pretrial deadlines to be reset at a status conference. On July 22, 2010, current counsel for Plaintiffs entered his appearance. That same date, the Court held a scheduling conference and set the discovery deadline for March 15, 2011, Plaintiffs' deadline to disclose expert reports for November 30, 2011, and Defendants' expert report deadline for February 1, 2011.

On November 22, 2010, the Court granted the parties' joint motion to extend deadlines, extending the discovery deadline to June 15, 2011, Plaintiffs' deadline to disclose expert reports to March 1, 2011, and Defendants' expert report deadline to April 1, 2011.

On May 6, 2011, the parties filed a Second Agreed Motion to Amend Revised Scheduling Order, in which it was noted that counsel for Defendants had received notice in January 2011 of a lien by Provena St. Joseph Medical Center relative to an apparent surgery undergone by Plaintiff Milagros Alonzo in December 2010. The motion indicated that counsel for Defendants had requested Alonzo to supplement her discovery responses because the lien and bill did not specify the surgical procedure that was performed, the name of the surgeon, whether Plaintiff Alonzo was going to claim that the procedure was proximately caused by the subject accident, nor the extent of any prior medical treatment between Alonzo's deposition on March 10, 2010 and the December 2010 surgery. The motion noted that Plaintiffs had not prepared any expert witness disclosures pursuant to Federal Rule of Civil Procedure 26 but that the Plaintiffs intended to name expert witnesses. The motion also indicated that counsel for Defendants requested Plaintiffs to provide complete Rule 26 disclosures pertaining to other opinions from witnesses that Plaintiffs intended to call at the time of trial, which would include treating physicians. On May 9, 2011, the Court granted a second agreed motion to extend deadlines, extending the discovery deadline to November 15, 2011, Plaintiffs' deadline to disclose expert reports to July 1, 2011, and Defendants' expert report deadline to October 1, 2011.

### B. Discovery

On September 28, 2009, Plaintiffs served Rule 26(a)(1) disclosures, in which Plaintiffs collectively disclosed six physicians by name and the "physicians and hospital staff" at Norwegian American Hospital in the disclosure of persons having relevant knowledge. The disclosures identified the medical bills incurred by Plaintiffs in 2008 through March 2009. On October 23, 2009, Plaintiffs served supplemental Rule 26(a)(1) disclosures, disclosing further the "physicians and hospital staff" at two hospitals and a seventh doctor as a potential witness.

2

On November 20, 2009, Plaintiff Maria Gonzalez served Answers to Defendants' Interrogatories. In response to Interrogatory No. 9, inquiring into witnesses that Gonzalez would call to testify at trial, Gonzalez identified the same initial six physicians and generally and identically for each disclosed that they would testify "consistent with [his] deposition regarding [his] patient's medical treatment and his observations of his patient while [he] treated her." Def. Br., Exh. E. The same date, Plaintiff Alonzo served her Answers to Defendants' Interrogatories, and, in response to Interrogatory No. 9, disclosed the same six physicians to be called to testify at trial.

On December 28, 2009, Gonzalez and Alonzo individually served Supplemental Answers to Defendants' Interrogatories. Neither Plaintiff supplemented her prior response to Interrogatory No. 9 regarding trial witness disclosures. However, Alonzo did identify an additional (seventh) treating physician (Dr. Taylor), noting that she had not yet followed up on Dr. Taylor's suggestion that she see an "ENT."

On February 26, 2010, Gonzalez gave her deposition in this litigation. Alonzo gave her deposition on March 10, 2010. Both testified as to their prior medical condition and treatment. Alonzo testified that she was considering whether to undergo surgery on her back but intended to get other opinions before deciding whether to proceed with surgery. She testified that she had undergone additional medical treatment with Dr. Malek and others since her prior discovery responses, including into January 2010.

On August 18, 2011, Defendants' counsel received an updated lien notice from Family Medical & Chiropractic Center/Dr. Mohammed Malas, indicating apparent treatment provided to Alonzo in January and May 2011.

Counsel for Defendants represents that, as of the date of the instant motion, Plaintiffs have not served any disclosures under Federal Rule of Civil Procedure 26(a)(2)(C), whether in a supplemental response to Interrogatory No. 9 or in a separate disclosure. In addition, Alonzo has not supplemented her discovery responses regarding any medical treatment that she incurred since her written disclosures and her deposition.

## C. Correspondence Between Counsel

In January 2011, counsel for Defendants called Plaintiffs' new counsel, Dennis Stanton, to discuss the lien notice counsel received from Provena St. Joseph Medical Center referencing an apparent surgery performed on Alonzo. On January 26, 2011, counsel for Defendants sent Plaintiffs' counsel a letter requesting that Alonzo supplement her prior discovery responses pursuant to Rule 26(e) if she had subsequent medical treatment after her prior discovery responses, including any surgery in December 2010, which she claims is causally related to the incident in this case. The correspondence challenged Plaintiffs' counsel's claim that the defense had to file supplemental interrogatories or a production request before Plaintiffs had to provide any supplementation.

On February 8, 2011, counsel for Defendants had a conversation with Plaintiffs' counsel, in which Plaintiffs' counsel again stated that Plaintiffs were not required to supplement discovery responses but only had to respond to properly served supplemental interrogatories and production requests. On February 10, 2011, Defendants' counsel wrote to Plaintiffs' counsel and reiterated that it was Plaintiffs' responsibility under Rule 26(e) to supplement prior disclosures and discovery responses in a timely manner.

On April 7, 2011, Defendants' counsel left a telephone message on Plaintiffs' counsel's voicemail, noting that Plaintiffs' deadline to provide expert witness disclosures had passed on March 1, 2011, but that Plaintiffs had not made any Rule 26(a)(2) disclosures to Defendants. On April 8, 2011, Defendants' counsel wrote to Plaintiffs' counsel, confirming the telephone message and further noting that Rule 26(a)(2) was amended on April 28, 2010, effective December 1, 2010, and requires a party to disclose the subject matter and summary of acts and opinions of any expert witness, even if a report is not required under Rule 26(a)(2)(B). In response to these communications, Plaintiffs' counsel wrote to Defendants' counsel on April 13, 2011, denying that Plaintiffs were required to supplement discovery and further informed Defendants that Plaintiffs intended to disclose a psychologist, sociologist, and possibly an interpreter.

4

On April 15, 2011, Defendants' counsel had a telephone conversation with Plaintiffs' counsel, reiterating that the defense was only aware of Alonzo apparently having a surgery in December 2010 as a result of the lien sent from the medical center to Defendants' insurance company. Defendants' counsel again requested that Plaintiffs supplement discovery responses to disclose whether the apparent December 2010 surgery was causally related to the incident in this case and to disclose any further medical treatment received by Alonzo since her deposition. Defendants explained that they would want to obtain the medical records and possibly redepose Alonzo regarding the surgery and her current condition. On April 19, 2011, Defendants' counsel confirmed the telephone conversation in a letter to Plaintiffs' counsel.

On September 15, 2011, the day Defendants' reply brief was filed, Defendants received from Plaintiffs by regular mail a letter dated September 7, 2011, which appears to be a supplemental disclosure, reiterating counsel for Plaintiffs' position regarding the discovery and purporting to make a disclosure of witnesses, one of whom may be a retained expert under Rule 26(a)(2)(B). Defendants object to the late expert disclosure.

## ANALYSIS

In the instant motion, Defendants ask the Court to bar Plaintiffs from calling any expert witness to testify at the time of trial, including any treating physicians and to bar Plaintiffs from presenting any evidence or testimony relative to medical treatment, bills, and related items not previously disclosed in Plaintiffs' discovery responses, pursuant to Federal Rules of Civil Procedure 26 and 37.

First, Defendants ask the Court to bar Plaintiffs from calling any expert witnesses to testify at trial, including treating physicians, because no expert disclosures were made under Rule 26(a)(2), either under subpart (B) or subpart (C).

Generally, a party must provide disclosures for any expert:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Fed. R. Civ. P. 26(a)(2)(A). Federal Rule of Civil Procedure 26(a)(2)(D) requires that the disclosures be made by the date set by the Court.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

For retained experts and for treating physicians who will give a causation determination not made during the regular course of treatment, Federal Rule of Civil Procedure 26(a)(2)(B) provides:

> B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B); *see also Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010).

Pursuant to the amendment effective December 1, 2010, Federal Rule of Civil Procedure 26(a)(2)(C) addresses experts who do not provide written reports:

> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)" while "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); Rule 26(a)(2)(C)). A failure to comply with Rule 26(a)(2)(B) is "exclusion of an expert's testimony . . . 'unless the failure was substantially justified or is harmless." *Meyers v. Amtrak*, 619 F.3d 729, 734 (7th Cir. 2009) (citing *Gicla v. United States*, 572 F.3d 407, 410 (7th Cir. 2009)). "[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." *Meyers v. Amtrak*, 619 F.3d 729, 734-35 (7th Cir. 2009). To the extent any of the six to seven physicians formed causation opinions outside the scope of their treatment of Plaintiffs, then a report under Rule 26(a)(2)(B) would be required. No reports have been produced by Plaintiffs.

At a minimum, however, Plaintiffs were required to disclose the information identified in Rule 26(a)(2)(C), which became effective December 1, 2010, for each treating physician that is giving only testimony as to observations, diagnoses, and conclusions reached during the course of treatment. The advisory committee notes to Rule 26(a)(2)(C) explain that common examples of experts subject to the new summary disclosures include physicians or other heath care professionals. *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee notes. The new subdivision is intended to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses excepted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)." *Id.*; *see also Haack v. Bongiorno*, No. 08 C 02488, 2011 WL 862239, at *5 (N.D. Ill. Mar. 4, 2011). Plaintiffs have not made any of the requisite Rule 26(a)(2)(C) disclosures for any of the seven physicians. In their response brief, Plaintiffs assert that

they are making a belated disclosure of the "name of [their] interpreter-cultural witness and the other lay witnesses" yet neither of the two exhibits attached to the response brief contain the witness disclosures. Although counsel for Plaintiffs references a surgery he underwent on May 17, 2011, at no time did Plaintiffs seek an extension of the expert disclosure deadline, and the Court finds that excusable neglect has not been shown for any late disclosures. Therefore, any attempted supplementation of expert witnesses is untimely and stricken.

A party's failure to disclose an expert witness generally results in an exclusion of the evidence unless the nondisclosure was justified or harmless. Fed. R. Civ. P. 37(c)(1). However, the Rule further provides that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." In determining whether the failure to disclose evidence is "harmless or justified" is left to the broad discretion of the district court. *Westefer v. Snyder*, 422 F.3d 570, 585 n. 21 (7th Cir. 2005). In making the determination, the Court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)); *see Bannister*, 636 F.3d at 833-34 ("In this case, the judge was correct that even if a report was necessary, the failure to file one was clearly harmless because Banister wasn't surprised by the doctor's testimony-he heard it before in the state trial. Also, Banister provides no evidence that the failure to file the report was in bad faith.").

In this case, Plaintiffs have not asked the Court for an opportunity to provide the disclosures required by Rule 26(a)(2)(C) nor have Plaintiffs made any argument to the Court why the disclosures are not required. In fact, in the September 7, 2011 correspondence to defense counsel, Plaintiffs' counsel maintains his position that no disclosures are required for the treating physicians:

> As I have told you before I never had a medical report; I will never have one. Neither I nor my clients can afford to pay for one. I do not need them; I will subpoena the doctors for trial. If you do or do not depose them, that is your choice.
> . . .
>
> . . .
>
> . . . . I have NEVER either spoken with their doctors or EVER received a written report from them. I will not do so until I put them on the witness stand, unless you take their depositions.
>
> They are treating physicians; they are not "experts" within the normal meaning of the word. They will testify as to what treating physicians testify-not about some "rocket propulsion fuel."

Def. Reply, Exh. O. The Court finds that Plaintiffs have not demonstrated that the failure to provide Rule 26(a)(2)(C) disclosures was harmless or justified. Rather, Plaintiffs have continued to deny any obligation to provide disclosures in the first instance despite the language of Rule 26(a)(2)(C).

Accordingly, the Court grants the motion as to this relief and orders that, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are barred from calling any expert witnesses to testify at the time of trial, including any treating physicians.

Second, Defendants ask the Court to bar Plaintiff Milagros Alonzo from presenting any evidence or testimony regarding subsequent medical treatment not previously disclosed. Specifically, Alonzo had surgery in December 2010, which Alonzo did not disclose to Defendants. The only information Defendants have received regarding the December 2010 surgery is a lien notice received by Defendants' insurance provider from a third-party care provider. Alonzo has not disclosed any medical treatment since her deposition, the nature and extent of any such surgery and treatment, the name of the doctors or facilities, whether the surgery and treatment were causally related to the incident in this case, or whether Alonzo has had any other medical treatment since her deposition unrelated to the incident in this case. Counsel for Defendants has repeatedly requested Alonzo to supplement her discovery responses to provide complete disclosures regarding her medical treatment so that Defendants can adequately investigate and discover if any of these issues should be pursued by Defendants, including subpoenaing records of treatment and then possibly

redeposing Alonzo related to the surgery, treatment, and her current condition. Counsel for Alonzo continues to refuse to supplement Alonzo's disclosures as required by Federal Rule of Civil Procedure 26(e). The third-party lien disclosures do not satisfy Alonzo's burden to voluntarily supplement her discovery pursuant to Rule 26, and Defendants are not obligated to provide supplemental discovery requests to trigger Alonzo's duty to supplement.

Plaintiffs have made no showing that the failure to supplement the medical evidence in this personal injury case was harmless or justified. Accordingly, pursuant to Rule 37(c)(1) the Court grants the motion as to this relief and orders that Milagros Alonzo is barred from presenting any testimony or evidence regarding medical treatment rendered to her that has not previously been disclosed, including, but not limited to any medical treatment rendered after her March 10, 2010 deposition, including any surgery in December 2010.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Bar Expert Witness Testimony and Other Relief [DE 29] and **ORDERS** that (1) Plaintiffs are barred from calling any expert witness to testify at the time of trial, including any treating physician and (2) Milagros Alonzo is barred from presenting any testimony or evidence regarding medical treatment rendered to her that has not previously been disclosed, including, but not limited to any medical treatment rendered after her March 10, 2010 deposition, including any surgery in December 2010.

In light of the Court's October 4, 2011 Order regarding Defendants' deadline to disclose expert witness reports and disclosures, the Court **GRANTS** Defendants up to and including **October 31, 2011**, in which to file a motion to extend Defendants' deadline to disclose expert witness reports and disclosures, if appropriate.

SO ORDERED this 24th day of October, 2011.

s/ Paul R. Cherry
PAUL R. CHERRY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

cc: All counsel of record